# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HERBERT JONES,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0630** (BOR Appeal No. 2049087)
(Claim No. 2013000046)

**WARWOOD ARMATURE REPAIR COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Herbert Jones, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Warwood Armature Repair Company, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 29, 2014, in which the Board affirmed a December 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 8, 2012, decision to deny the request for left shoulder arthroscopy and the request to add a labral tear as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jones, a machinist for Warwood Armature Repair Company, was pulling on a chuck wrench on June 26, 2012, when he injured his left shoulder. On July 10, 2012, the claims administrator held the claim compensable for overexertion, strenuous movements, and sprain of the shoulder and arm. On July 15, 2012, an MRI of the left shoulder revealed osteoarthritic changes of the glenohumeral joint likely the result of old trauma, a degenerative labral tear and remodeling of the humeral head, as well as the bony glenoid, which is associated with perilabral cyst. The MRI also revealed joint effusion containing debris with possibility of small

1

intraarticular bodies. On September 4, 2012, Mr. Jones was referred to Michael Zilles, M.D., an orthopedic surgeon, to assess his condition. Dr. Zilles diagnosed a labral tear and suggested surgery to correct the shoulder. Dr. Zilles requested that the labral tear be added as a compensable condition. Dr. Zilles also requested that the surgery be covered under the claim.

On September 25, 2012, Prasadarao Mukkamala, M.D., performed a record review and was asked to assess whether the labral tear should be compensable and whether the surgery should be covered under workers' compensation. Dr. Mukkamala stated that the disease and the labral tear were degenerative in nature and not causally related to the compensable injury of June 26, 2012. Dr. Mukkamala stated that the MRI suggests that there was old trauma, which degenerated over time. Dr. Mukkamala stated that because the degenerative conditions were not causally related to the compensable injury, the request for the arthroscopic surgery and to add a labral tear as a compensable condition should be denied. The claims administrator denied the request for arthroscopy of the left shoulder and the request to add a labral tear as a compensable component of the claim on November 8, 2012. Mr. Jones protested.

On April 25, 2013, Mr. Jones reported to George Bal, M.D., for assessment. Dr. Bal noted that the surgery performed by Dr. Zilles did not seem to help Mr. Jones and that he would need a shoulder replacement. It was Dr. Bal's opinion that Mr. Jones aggravated a preexisting condition on June 22, 2012. However, Dr. Bal recognized that Mr. Jones had advanced degenerative changes in his left shoulder.

On September 25, 2013, Mr. Jones was referred to Victoria Langa, M.D., for an independent medical evaluation. Dr. Langa stated that Mr. Jones sustained a traumatic left shoulder dislocation in a motor vehicle accident in December of 1978. Dr. Langa stated that in some cases, individuals who sustain shoulder dislocations develop significant degenerative arthritic changes of the glenohumeral joint. Dr. Langa opined that the significant degenerative joint disease present in Mr. Jones's left shoulder was a sequela from the 1978 shoulder injury. Dr. Langa stated that this labral tear was degenerative in nature and unrelated to the June 26, 2012, work injury. Dr. Langa opined that the denial of the additional diagnosis code for a labral tear was proper. Dr. Langa stated that because the proposed arthroscopic procedure was specifically to address the identified labral tear, in her opinion, it was correct to deny authorization for the arthroscopy.

The Office of Judges found that the labral tear was degenerative in nature and thus was not related to the June 26, 2012, injury. Furthermore, because the labral tear was not a compensable condition, the Office of Judges determined that the arthroscopy that was performed to correct the labral tear should not be covered. The Office of Judges noted that it agreed with Dr. Langa's opinion that the labral tear was degenerative in nature. The Office of Judges then noted that Dr. Mukkamala opined that because the labral tear was due to an old injury and a degeneration process, it should not be covered under this claim. The Office of Judges also noted that Dr. Bal diagnosed advanced degenerative changes in Mr. Jones's shoulder. Dr. Bal also agreed that the sprain did not cause the labral tear. As a result, the Office of Judges found the shared opinions of Drs. Langa, Mukkamala, and Bal to be persuasive. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the claims administrator, the Office of Judges, and the Board of Review. The evidence of record demonstrates that the labral tear suffered by Mr. Jones was not the result of his employment, but was rather due to old injuries and advanced degenerative changes. As the Office of Judges found, Mr. Jones's shoulder sprain/strain may have aggravated the degenerative changes, but it did not cause them. Dr. Mukkamala and Dr. Langa shared the opinion that the labral tear was not caused by the work injury but was due to degenerative changes. Likewise, the treatment for the labral tear should not be authorized because the injury was not suffered in the course of and as a result of his employment with Warwood Armature Repair Company.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum